## RICHARDSON v. SANGER BROS.
### (No. 7563.)

(Court of Civil Appeals of Texas. San Antonio. April 21, 1926. Rehearing Denied May 12, 1926.)

1. **Guaranty** ⬤➡90—**Court's affirmative finding in suit against guarantor, that defendant in fact executed written guaranty, held to render such instrument admissible in evidence.**

Court's affirmative finding in suit against guarantor, that defendant, in fact executed written guaranty, *held* to render such instrument admissible in evidence.

2. **Guaranty** ⬤➡16(2)—**Consideration for purchase price held sufficient consideration for guaranty of payment for goods.**

Where written guaranty was of payment for goods to be delivered to principal debtor at the time or subsequently, consideration for purchase price *held* sufficient consideration for guaranty.

3. **Contracts** ⬤➡10(1).

Written guaranty of payment for goods, to be delivered to principal debtor at the time or subsequently, *held* not unilateral.

4. **Contracts** ⬤➡108(2).

Written guaranty of payment for goods, to be delivered to principal debtor at the time or subsequently, *held* not contrary to public policy.

5. **Limitation of actions** ⬤➡46(10) — **Action against guarantor on notes of principal debtor, brought more than four years after date of guaranty but less than four years from date of notes, held not barred by limitation.**

Action against guarantor on notes of principal debtor, brought more than four years after date of continuing guaranty but less than four years from date of notes, *held* not barred by limitation, since limitation in favor of guarantor ran concurrently with that in favor of principal debtor.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Sanger Bros. against R. M. Richardson. Judgment for plaintiff, and defendant appeals. Affirmed.

J. W. McDavid, of Henderson, and John M. Tipps, of Dallas, for appellant.

J. H. Synnott, of Dallas, for appellee.

SMITH, J. On February 5, 1920, appellant, Richardson, executed and delivered to Sanger Bros., appellee, a written guaranty of any and all indebtedness then owing or thereafter to be incurred by the Farmers' Union Supply Company in favor of Sanger Bros., to an amount not exceeding $10,000. In consideration of this guaranty Sanger Bros. continued to sell goods on credit to the supply company over a period of years. The latter company afterwards failed, while owing a very substantial balance to appellee, who brought this action against Richardson upon his guar-

anty for the amount of this balance. The cause was tried by the court, without a jury, and judgment was rendered in favor of Sanger Bros. against Richardson, who has appealed.

[1] Appellant filed and urged a plea of non est factum against the written guaranty sued on, contending that appellee failed to discharge the burden resting upon the latter to show that appellant executed that instrument, and that the latter was not sufficiently proven up to warrant its admission in evidence. We overrule these contentions. There was ample evidence to support the court's affirmative finding that appellant did in fact execute the guaranty, and this finding rendered the instrument admissible in evidence.

In the instrument sued on appellant obligated himself "to be responsible for and liable to pay to appellee any and all indebtedness now or hereafter owing to" appellee by the principal debtor, the supply company, which was a corporation of which appellant was a director and manager at the time he executed the guaranty. Appellant further agreed that said indebtedness, or any part thereof, may be changed in form and terms of payment as often as may be agreed on, "and the same shall still be covered by this guaranty." It appears from the evidence and the trial court's findings that, although the supply company owed appellee a considerable amount at the time the guaranty was executed, items of the existing account were paid and did not constitute a part of the debt finally sued on. Other items were added to the account from time to time, payments were made and credited, balances were covered by the supply company's notes, which were paid or carried forward into renewal notes, so that when the company failed and went into bankruptcy its obligations to appellee were in the form of notes, aggregating the principal sum of $3,520.38. This note was credited with $814.92 derived from the bankrupt's estate, and appellee sued both the supply company and appellant for the balance.

[2-4] It is contended by appellant that there was no "personal" consideration passing to him for executing the guaranty. In so far as the guaranty was of payment for goods delivered at the time or subsequently to the principal debtor, the consideration for the purchase price is consideration for the guaranty, and no further consideration is necessary. This is the case made here. Nor is such contract unilateral or contrary to public policy, as appellant contends.

Appellant's second assignment of error will be overruled. The admission of the evidence complained of, even if technically erroneous, could not have injured appellant, and it will be assumed that the trial court did not consider it.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] It is contended that the cause of action was barred by limitation in so far as it affected Richardson. The suit was instituted more than four years after the date of the guaranty sued on. But the notes sued on, the payment of which was guaranteed by Richardson, were executed within the four-year period. The guaranty was a continuing obligation, under which the guarantor's actual liability could arise only through the default of the principal debtor, and limitation in favor of the former ran concurrently with that in favor of the latter. The debt sued on was not barred as against the debtor, and, the guaranty being in effect when the debt was incurred, limitation was not available to the guarantor.

The judgment is affirmed.