**COLEMAN FURNITURE CORPORATION,**
Appellant,

v.

**Della Burk LIEURANCE, Appellee.**

No. 7632.

Court of Civil Appeals of Texas.

Amarillo.

July 5, 1966.

Rehearing Denied Aug. 8, 1966.

Lumpkin, Watson & Smith, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellee.

DENTON, Chief Justice.

This suit, filed by appellant Coleman Furniture Corporation, seeks recovery from Della Burk Lieurance individually for furniture sold by the plaintiff. The suit alleges two counts: that the defendant below individually guaranteed in writing the payment for merchandise sold to Amarillo Furniture Company, Inc.; and that Coleman sold the merchandise to Mrs. Lieurance through her alter ego, American Furniture, Inc., relying on her individual credit based on her false and fraudulent representations to Coleman who relied on such representations. On January 7, 1964 Coleman was granted a summary judgment against Amarillo Furniture Company for this same merchandise. A non-suit was taken against Mrs. Lieurance. The present suit was filed approximately a year later. The trial court instructed a verdict for Mrs. Lieurance and Coleman Furniture appeals.

Amarillo Furniture Company, Inc. was incorporated in 1952. Mrs. Lieurance, the president, acted as its general manager. She did most of the hiring and firing of the employees and ordered most of the merchandise. The Coleman company had done business with Amarillo Furniture since 1944 and had sold the company thousands of dollars worth of furniture during that period. The two invoices sued upon here were dated December 10, 1962 for $3612.40 and March 5, 1963 for $1157.65. The basic question is whether or not Mrs. Lieurance is personally liable for the indebtedness.

■ On an appeal from a judgment on an instructed verdict the appellate court must review the evidence in the light most favorable to the plaintiff, disregarding all conflicts and indulging every intendment reasonably deducible from the evidence in favor of the losing party. 4 Tex.Jur.2d, Appeal and Error—Civil, Section 835, page 384 and the authorities cited therein.

We will first consider appellant's asserted cause of action of an alleged guaranty by Mrs. Lieurance to be personally responsible for the payments for the merchandise. It is uncontradicted the merchandise was charged and billed to Amarillo Furniture Company and none had been charged or billed to Mrs. Lieurance individually. On January 25, 1962 Mrs. Lieurance wrote Mr. Gunn of the Coleman Company, the following letter:

"I received your letter concerning my credit with your company.

"I ordered this furniture in good faith. Nor did I buy any other. I need this furniture. I will take care of it. I will make a special effort—now, tell me what you want me to do.

"Thank you for all past considerations.

Sincerely,
Della Burk Lieurance"

A letter of June 1, 1963 also addressed to Mr. Gunn reads as follows:

"I am sorry to be slow—but am having a tough time getting money in as fast as I should. I will send some this month and —will take care of the balance.

"Thank you.

Sincerely,
Della Burk Lieurance"

■ A guaranty is an undertaking by one person to be answerable for the payment of some debt or the performance of some contract or duty by another person, who himself remains liable. Wood v. Canfield Paper Company, 117 Tex. 399, 5 S.W. 2d 748.

Business relations between the parties hereto had existed since 1944. Mr. Gunn, Coleman's secretary and assistant treasurer, testified by deposition. His duties included approval of credit of purchases on open account. He testified: "I approved the credit on this particular order based on my previous experiences with Amarillo Furniture Company and Della Burk Lieurance. Having done business with Mrs. Lieurance for a number of years, and having met her on several occasions and discussed her financial affairs, I was of the opinion Mrs. Lieurance owned Amarillo Furniture Company and that she herself in previous years had assured me that she might at times be slow in paying her bills, but I actually had no worry concerning her account." He stated that Mrs. Lieurance's letter dated January 25, 1962 caused his company "to believe that the sale of goods to Amarillo Furniture Company on an open account would be paid personally" by Mrs. Lieurance. He further stated: "After reading the letter from Della Burk Lieurance of June 1, 1963, I felt confident that she would personally see that I suffered no loss on her account". Mr. Gunn "thought she (Mrs. Lieurance) was the sole owner of this business because she indicated to me in previous conversations that she was the sole owner". His testimony was that if he had not felt she was the sole owner of the business, "I would have never shipped merchandise on open account".

Both letters quoted here and referred to by Mr. Gunn were signed by Della Burk Lieurance as an individual. Her full name was printed directly below the company name on the letterhead. Throughout both letters she repeatedly used the pronoun "I". Such phrases as: "I ordered the furniture"; "I will take care of it"; "I will make a special effort"; "I am sorry to be slow"; "I will send some this month and—will take care of the balance" dominate both letters. They obviously denote personal participation in the transactions between the parties.

■ As in any other undertaking, a contract of guaranty may be made unilateral or bilateral. A unilateral guaranty creates a duty on only one party, the guarantor, as where an offer of guaranty for payment for goods sought to be purchased by the principal obligor is made subject to acceptance by the seller by the delivery of the goods. 27 Tex.Jur.2d, Guaranty, Section 18, page 292. Although consideration is essential to the enforcement of a contract of guaranty, it has been held the actual delivery of goods in return for a promise of guaranty of payment is itself sufficient consideration. Richardson v. Sanger Brothers (Tex.Civ.App.), 283 S.W. 249; Gieb v. Goebel Brewing Company (Tex.Civ.App.), 176 S.W.2d 975; (Error Ref. W. O. M.).

■ When the evidence is viewed in the light most favorable to the appellant, we have reached the conclusion that the evidence mentioned, together with the reasonable inferences therefrom, raised fact issues as to a guaranty of payment by Mrs. Lieurance; as well as alleged representations by her and reliances thereon by appellant as to her individual credit. We are of the opinion there was some evidence of probative value to support appellant's allegations, and such issues should have been submitted to the jury.

The judgment of the trial court is reversed and the cause is remanded.