Albert J. COHEN, Temporary
Administrator, Petitioner,

v.

Gene McCUTCHIN et al., Respondents.

No. B–7093.

Supreme Court of Texas.

April 26, 1978.

Rehearing Denied May 31, 1978.

Turner, Rodgers, Sailers, Jordon & Calloway, R. W. Calloway, Turner, Hitchins, McInerney, Webb & Hartnett, John E. Gangstad, Dallas, for petitioner.

John L. Roach, Inc., John L. Roach and A. H. Duvall, Dallas, for respondents.

BARROW, Justice.

This is an appeal from a take-nothing summary judgment granted Gene, Jerry, and Alma McCutchin in Albert J. Cohen's third-party action whereby Cohen, as administrator of the estate of Byron M. McKnight, sought to recover certain drilling costs due pursuant to two written agreements allegedly entered into by the McCutchins with McKnight. The court of civil appeals affirmed after concluding that the written agreements sued upon by Cohen did not meet the requirements of the Statute of Frauds because they were neither signed by McKnight nor did they disclose his identity. 554 S.W.2d 844. We have concluded that the summary judgment was properly granted and affirm the take-nothing judgment.

The question presented by this appeal is whether the McCutchins discharged their summary judgment burden to establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of Cohen's cause of action.[1] *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.1969). Primarily it is urged that the summary judgment proof does not foreclose the existence of additional writings which were signed by or on behalf of McKnight.

On June 3, 1974, American Quasar Petroleum Co. entered into an agreement with McKnight whereby McKnight agreed to participate, to the extent of a 25% working interest, in the drilling and completion of an exploratory oil and gas well described generally as the Barstow Townsite Unit No. 2, Ward County, Texas. The well was drilled and completed, but production was not sufficient to pay the costs. In the meantime, McKnight died. American Quasar subsequently filed suit against Albert J. Cohen, Temporary Administrator of the Estate of Byron M. McKnight, Deceased, to recover McKnight's share of the drilling costs. In turn, Cohen filed a third-party action against respondents, Gene McCutchin, Jerry McCutchin, and Alma McCutchin, seeking to recover the pro rata shares of the drilling costs owed by the McCutchins pursuant to two written agreements they had allegedly entered into with McKnight on June 12, 1974.[2] It was alleged that under these agreements the McCutchins acquired the following interests in the exploratory well by assignment from McKnight: Gene McCutchin—8.7143%, Jerry McCutchin—5.7143% and Alma McCutchin—5.7143%. The written agreements are set out in full in the opinion of the court of civil appeals and therefore need not be recopied here. *Cohen v. McCutchin, supra* at 846–847. It is sufficient to state that the two letter agreements, bearing the date of June 12,

1. This case was tried prior to the amendment of Rule 166–A, Texas Rule of Civil Procedure, which now provides in part:

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

2. Kelly Bell was originally joined as a cross-defendant but the claim against him was subsequently dismissed by Cohen after his plea of privilege was sustained.

1974, although apparently written by the McCutchins' assignor, are neither signed by McKnight nor written on his letterhead, nor do they identify McKnight as the assignor in any way. They are signed only by the McCutchins.

The Statute of Frauds, Section 26.01, Texas Business and Commerce Code Annotated, provides in part as follows:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

.   .   .   .   .

(4) a contract for the sale of real estate; . . .

■ This statute requires that, with respect to the agreements defined therein, there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony. *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945); *Boddy v. Gray*, 497 S.W.2d 600 (Tex.Civ.App.—Amarillo 1973, writ ref'd); *Walker Avenue Realty Co. v. Alaskan Fur Co.*, 131 S.W.2d 196 (Tex.Civ. App.—Galveston 1939, writ ref'd).

Cohen concedes that the agreements sued on were conveyances of real estate within the meaning of subsection (b)(4) of the Statute of Frauds. *See Taber v. Pettus Oil & Refining Co.*, 139 Tex. 395, 162 S.W.2d 959 (1942). He urges, however, that the lower courts erred in considering only the two letters of June 12, 1974, in determining the validity of the agreements sued upon. Specifically, he asserts that the identity of McKnight is established by a transmittal letter of June 12, 1974, wherein Hubert H. Thompson, on behalf of Gene McCutchin,

transmitted to McKnight checks from Alma McCutchin, Jerry McCutchin, and Gene McCutchin to cover "their portion of costs on the Barstow Townsite Unit No. 2, Ward County, Texas, as reflected by the executed Agreements also enclosed." Cohen further urges that check stubs which reference partial payment of drilling costs of this particular well by the McCutchins should have been considered along with the agreements to satisfy the Statute of Frauds.

■ We agree with the holding of the court of civil appeals that these memoranda do not identify McKnight as a party to the June 12, 1974, letter agreements sued on here. Accordingly, they are insufficient to satisfy the requirements of the Statute of Frauds.

■ The major thrust of Cohen's argument before this Court is that, even if the summary judgment record in its present state establishes as a matter of law that the agreements sued on do not meet the requirements of the Statute of Frauds, the judgment is, nevertheless, improper because the McCutchins did not discharge their summary judgment burden of negating the existence of other memoranda which might meet the requirements of the Statute of Frauds.

In support of this contention, Cohen cites *Botello v. Misener-Collins Company*, 469 S.W.2d 793 (Tex.1971), wherein this Court held that a movant, seeking to invoke the Statute of Frauds to support a summary judgment, was required to establish that every material exchange contended to have passed between the parties was included in the record. However, this rule does not aid Cohen here for largely the same reason it did not aid Botello to avoid the adverse summary judgment against him. After setting forth the foregoing rule, we said:

However, Botello himself forecloses the existence of additional agreement. He makes no complaint of a failure to allow him an opportunity to prove the full agreement. His points of error attack only the construction of the written contract and the holding that it is indefinite.

It is Botello's position that he has pleaded his contract and that it is enforceable.

Here the letter agreements of June 12, 1974, were expressly pleaded by Cohen as the basis of his cause of action against the McCutchins. He did not and has not alleged the existence of any other memoranda which is signed by McKnight. Rather, he seeks to have this Court take judicial notice that it is ordinary business practice for a person sending a letter to sign it or at least to identify himself as the sender. While we agree that this is probably *ordinary* business practice, there is nothing in this record to show that McKnight did sign *on this occasion.* Therefore, we will not take judicial notice that he did so. The agreements attached to Cohen's petition are not signed. There is nothing in the record to support the inference urged by Cohen that there are other copies of the agreement in existence which might contain McKnight's signature. There are actually six copies of the two letter agreements in the transcript of this case, but all are photocopies of the same letters which contain only the signatures of the McCutchins and neither is signed by McKnight or identifies him in any way.

This suit had been pending for over eight months at the time the summary judgment was granted and was apparently fully developed. In fact, Cohen's own motion for summary judgment was denied at the time the McCutchins' motion was granted.

We conclude that the trial court did not err in holding that the summary judgment record established that Cohen was barred by the Statute of Frauds from recovering drilling costs from the McCutchins under the written agreements of June 12, 1974.

The judgment of the court of civil appeals is affirmed.