The GULF & BASCO
COMPANY, Appellant,

v.

Alan B. BUCHANAN, Appellee.

No. 01–85–0189–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 30, 1986.

Rehearing Denied March 27, 1986.

William A. Peterson, Jr., Patterson, Boyd, Lowery & Anderholt, Frank Shaw, Houston, for appellant.

Steven A. Leyh, Sellers & Berg, Houston, for appellee.

EVANS, C.J., and LEVY and SAM BASS, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a take nothing judgment in a suit based upon a guaranty agreement.

Alan B. Buchanan ("Buchanan"), appellee, was sued in an individual capacity as alleged guarantor of the indebtedness of Alan Buchanan Builders, Inc., a corporation engaged in the construction of new homes. The Gulf & Basco Company ("Gulf & Basco"), appellant, was engaged in the business of supplying materials to the construction industry. Gulf & Basco began supplying Alan Buchanan Builders, Inc. in 1975 with materials, consisting mainly of windows and screens, under an open account arrangement. Before opening the account, a guaranty agreement was signed on August 17, 1975, and between October 1980, and February 1982, goods were purchased totaling $42,398.94. Before commencement of the instant suit, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against Alan Buchanan Builders, Inc. Gulf & Basco then brought this suit against Buchanan individually as guarantor of the sworn account, and Buchanan answered by general denial and also alleged that he was not liable in an individual capacity.

Trial was held without a jury, and the court rendered judgment that Gulf & Basco take nothing.

The trial court concluded that the guaranty agreement was ambiguous on its face and that oral evidence was therefore admissible to explain the ambiguity: i.e., whether Buchanan signed in his corporate or individual capacity. Gulf & Basco contends by its first point that the trial court erred in finding the guaranty agreement ambiguous, as such finding is unsupported by pleadings.

Tex.R.Civ.P. 94 requires a party to plead any matters constituting an avoidance or affirmative defense. Ambiguity is an affirmative defense that must be raised at the trial court level. *Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110, 113 (Tex. Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). A person seeking to establish ambiguity in a written contract must specifically plead such ambiguity, *Entzminger v. Provident Life & Accident Insurance Co.*, 652 S.W.2d 533, 535 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Crozier v. Horne Children Maintenance and Educational Trust*, 597 S.W.2d 418, 421 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.), by setting out that portion of the contract claimed to be ambiguous, and then definitely pleading the correct meaning or construction thereof as relied on by the party so claiming. *Skyline Furniture, Inc. v. Gifford*, 433 S.W.2d 950, 954 (Tex. Civ.App.—El Paso 1968, no writ).

In the instant case, Gulf & Basco's petition attached and incorporated the guaran-

ty agreement, pleading thereby that Buchanan personally agreed to guarantee payment of the indebtedness incurred by Alan Buchanan Builders, Inc. Buchanan answered specifically that he was not liable in his individual capacity because the agreement was signed by him only as the corporation's president. At trial, Gulf & Basco introduced the agreement through the testimony of its general office manager, who testified that she understood the agreement to represent Buchanan's personal guaranty. Appellant then called Buchanan to the stand and, referring to the agreement, showed that he had testified on deposition that he had signed "Alan B. Buchanan" without indication of corporate office. On examination by his counsel, Buchanan testified without objection that immediately above his signature, he had written "Alan Buchanan Builders, Inc." on the line designated for the guarantor's name.

■ Although the word "ambiguity" was not specially set forth in the pleadings, the relevant portion of the agreement and the two possible meanings or constructions were before the court both in pleadings and in testimony. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. Tex.R.Civ.P. 67. *See, e.g., La Marque Independent School District v. Thompson,* 580 S.W.2d 670, 673 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Whitley v. Whitley,* 566 S.W.2d 660, 662 (Tex.Civ.App.—Beaumont 1978, no writ). The question was clearly brought before the court not only by consent, but also by the active assistance of both parties. Failure to amend the pleadings to conform to the evidence does not affect the result of trial on the issue. *La Marque,* 580 S.W.2d at 673; Tex.R.Civ.P. 67.

Appellant's first point of error is overruled.

Gulf & Basco contends by its second and third points that a finding of ambiguity is contrary to established rules of construction, and that by its plain wording the agreement was not ambiguous.

■ Ambiguity is a question of law for the court. *Tuthill v. Southwestern Public Service Co.,* 614 S.W.2d 205, 211 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.); *Nixon v. First State Bank of Corpus Christi,* 540 S.W.2d 817, 820 (Tex.Civ.App. —Corpus Christi), *writ ref'd n.r.e. per curiam,* 544 S.W.2d 378 (Tex.1976); *Skyline Furniture,* 433 S.W.2d at 954. If, after applying established rules of interpretation to the contract, it remains reasonably susceptible to more than one meaning, it is ambiguous; but if only one reasonable meaning clearly emerges, it is not ambiguous. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 517, 243 S.W.2d 154, 157 (1951).

> [T]he primary concern of the courts is to ascertain and to give effect to the true intention of the parties. To achieve this object the courts will examine and consider the entire writing, seeking as best they can to harmonize and to give effect to all the provisions of the contract so that none will be rendered meaningless.

*Id.,* 150 Tex. at 518, 243 S.W.2d at 157–58.

■ A survey of authorities treating the manner of execution of agreements indicates that there is no clear mode of signature that will absolutely fix or avoid personal liability. A signature followed by corporate office will result in personal liability where the individual is clearly designated within the instrument as personal surety for the principal. In such case, the corporate office may be construed a *descriptio personae* of the signator rather than indication of the capacity in which he signs. *See American Petrofina Co. v. Bryan,* 519 S.W.2d 484 (Tex.Civ.App.—El Paso 1975, no writ); *Owens v. William H. Banks Warehouses, Inc.,* 202 F.2d 689 (5th Cir.), *cert. denied,* 346 U.S. 813, 74 S.Ct. 22, 98 L.Ed. 341 (1953); *Marx v. Luling Co-op Association,* 17 Tex.Civ.App. 408, 43 S.W. 596 (1897, writ ref'd). Yet this Court has held that the failure of a corporate officer to affix his corporate capacity to his signature does not make it a contract of the individual officer where the contract on its face is a contract of the corporation and

the other parties have notice of his relation to the corporation. *Robertson v. Bland,* 517 S.W.2d 676, 678 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ dism'd). Section 3.403(b) of the Texas Business & Commerce Code, and the comments thereto, also address forms of execution. Official comment three makes it clear that, as between the immediate parties, parol evidence *is* admissible to prove a signature by an agent in his representative capacity where the instrument names the person represented but does not show that the person signed in a representative capacity. *Womack v. First National Bank,* 613 S.W.2d 548, 554 (Tex.Civ.App.—Tyler 1981, no writ); *see* Tex.Bus. & Com.Code Ann. sec. 3.403(b) and comments (Vernon 1968 and Supp.1986).

■ The instrument before us is a continuing guaranty form broadly undertaking to guarantee payment for goods sold to a purchaser, whose name is inserted in a blank space within the instrument. The instrument liberally uses "you" to refer to The Gulf & Basco Co. and "I" to refer to the guarantor. However, the instrument does not clearly designate the *capacity* in which a signator guarantees payments. The instrument could clearly bind either a corporation or an individual if the signature spaces are unambiguously completed. The spaces provided are completed as follows:

<u>Alan Buchanan Builders, Inc.</u> [hand written]
NAME (Printed)          [pre-printed]

<u>6301 Ranchester, Houston</u>
HOME ADDRESS

<u>Alan B. Buchanan</u>   (hand written)
SIGNATURE

We conclude that in the absence of a clear intent within the instrument to bind Buchanan in his individual capacity, the manner of execution is susceptible of two different and reasonable interpretations. We therefore hold that the trial court did not err in finding an ambiguity and overrule appellant's second and third points.

By its seventh point, Gulf & Basco alleges that the court committed error in allowing Buchanan to testify to his intent in signing the agreement, violating the parol evidence rule.

As a general rule, in the absence of fraud, accident, or mistake, extrinsic evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous. *Crozier,* 597 S.W.2d at 422. If the instrument is unambiguous as a matter of law, extrinsic evidence is inadmissible and the court is barred from giving effect to that evidence. *See Henry v. Powers,* 447 S.W.2d 738 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ).

Where an unambiguous writing has been entered into between the parties, the courts will give effect to the intention of the parties as expressed or as is apparent in the writing. The instrument alone, in the usual case, will be deemed to fully express the intention of the parties, for it is objective, not subjective, intent that controls. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex.1968); *Vanguard Insurance Co. v. Stewart,* 593 S.W.2d 736, 739 (Tex.Civ.App.—Houston [1st Dist.] 1979), *aff'd,* 603 S.W.2d 761 (Tex.1980).

> "No principle of interpretation of contracts is more firmly established than that great, if not controlling, weight should be given by the courts to the interpretation placed upon a contract of uncertain meaning by the parties themselves. Courts rightfully assume that parties to a contract are in the best position to know what was intended by the language employed." *James Stewart & Co. v. Law,* 149 Tex. 392, 233 S.W.2d 558 (1950).

*Henry,* 447 S.W.2d at 742.

At trial, appellant's counsel introduced testimony that the office manager for Gulf & Basco understood and believed that the guaranty agreement was signed in a personal capacity. Appellant also examined Buchanan as to the capacity in which he had signed. Appellant's counsel then objected to this line of evidence only when appellee's counsel questioned Buchanan as to the capacity he *intended,* on the grounds that the document spoke for itself.

We have concluded that because the intent was not clearly expressed in the document, it was therefore not error to admit testimony, first introduced by appellant, as to the capacity both parties intended. *See, e.g., Hartman v. Maryland Casualty Co.,* 417 S.W.2d 640, 642 (Tex.Civ.App.—Waco 1967, no writ).

We overrule point seven.

Gulf & Basco, by points four through six, challenges the sufficiency of evidence supporting the finding that Buchanan did not execute the agreement in his personal capacity.

When considering a "no evidence" challenge, "it is our duty to view the evidence in its most favorable light, considering only the evidence and inferences which·support the findings, and rejecting the evidence and inferences which are contrary to the findings." *Butler v. Hanson,* 455 S.W.2d 942, 944 (Tex.1970); *see Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). When the question is one of factual sufficiency, we are required to consider and weigh all the evidence in the case, and to set aside the verdict and remand the cause for a new trial if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Buchanan testified that he signed in his corporate capacity and that he did not intend to bind himself personally to pay the corporate account. The account was opened on the basis of a financial statement prepared by a credit bureau that had no information on Buchanan personally, but only on the corporation.

■ Gulf & Basco intended Buchanan to be a guarantor in his personal capacity for the corporation's subsequent indebtedness. Its policy was not to grant credit without a personal guarantee. Gulf & Basco requested a personal financial statement, but apparently opened the account based solely on corporate credit. For about five years, the business relations were satisfactory, even when there were some disputes over invoices. Bills were sent to and paid by the corporation. There is some indication that during the two-year period of difficulties, Gulf & Basco never attempted to collect the corporation's debts from Buchanan personally. Instead, it participated in an arrangement with the corporation's creditors and banks and filed no liens. Enforcement of the guaranty agreement was sought only after bankruptcy proceedings were instituted. Gulf & Basco was the only one of approximately 300 business creditors obtaining a guaranty form prior to opening an account.

Considering that at all times prior to suit, Gulf & Basco looked to the corporation for payment and that it was the intent of Buchanan to bind only the corporation, we hold that the trial court's conclusion was not "so against the great weight of the evidence as to be manifestly unjust."

Appellant's points four through six are accordingly overruled.

By points of error eight through ten, appellant argues in various ways that the findings and conclusions that Buchanan is not personally liable and did not sign the guaranty in his personal capacity are erroneous and that a contrary conclusion is warranted.

Appellant appears to reiterate the preceding points of admissibility and construction. We cannot determine any error asserted or disposition sought that differs in nature from the preceding points, and accordingly overrule these points.

Appellant's final points of error challenge the trial court's findings that there was a material alteration of the open account arrangement by virtue of an agreement between appellant and the banks, without appellee's consent, resulting in a release of appellee from liability under the agreement. The points challenge each of the elements on the basis of no pleadings and insufficiency of the evidence to support the findings.

Because we have overruled appellant's points of error challenging the trial court's

findings as to both the ambiguity of the guarantee agreement and the appellee's personal liability, we need not address these final points. Nor is it necessary that we discuss appellee's cross-point, in which he asserts error in the admission of certain business records over his objection.

We conclude that the trial court did not abuse its discretion in determining that the guaranty agreement was ambiguous on its face. The judgment of the trial court is affirmed.