Charles M. FRIDAY and Gary R. Woodall, Appellants,

v.

GRANT PLAZA HUNTSVILLE ASSOCIATES, Appellee.

No. 01–85–0763–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1986.

See also, Tex., 610 S.W.2d 747.

John F. Schaffer, Houston, for appellants.

Douglas R. Drucker, Margaret Ann Kickler, Sullivan, King & Sabom, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is a suit on a guaranty agreement. The guarantors, Charles M. Friday and Gary R. Woodall, appeal from a summary judgment entered against them.

Friday and Woodall were sued by Grant Plaza Huntsville Associates, appellee, on a guaranty of payment of a lease contract for Seven Elves Corporation, which they owned. Shortly after filing suit, appellee filed a motion for summary judgment on the guarantees.

Appellants filed a response, which included affidavits of Woodall and Friday, alleging fraud in the inducement, and an affidavit of their attorney contesting the attorney fees requested by Appellee. The trial court entered an interlocutory summary judgment as to appellants' liability and the amount of damages, and later held a nonjury trial on attorney's fees. Appellants contest the entry of the summary judgment, claiming that material fact issues existed concerning their affirmative defense of fraud in the inducement.

The appellee's affidavit sets forth clear and positive statements showing that appellants had executed the guaranty agreement and that the payments guaranteed in the agreement had not been made. Thus, to avoid an entry of summary judgment against them, appellants had to present summary judgment evidence showing that a fact issue existed upon their affirmative defense. *Clark v. Dedina*, 658 S.W.2d 293, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ). In an effort to meet this burden, appellants attached to their response affidavits in which they stated that they agreed to execute the guarantees because they were told that they would not be held personally liable for the lease, that the

guarantees were to be used to assist the shopping center in obtaining permanent financing, and that the guarantees would be returned to them within one year. Friday further stated in his affidavit that he believes these promises were false when made. Woodall stated that he and Friday relied on the statements in deciding to execute the guarantees.

■ For summary judgment evidence to be considered by the trial or reviewing court, it must meet the same standards as evidence admitted in a trial. *Clark v. Dedina*, 658 S.W.2d at 298. The hurdle confronting appellants is that extrinsic evidence is generally not admissible to vary the terms of a negotiable instrument that is clear and express in its terms. *Town North National Bank v. Broaddus*, 569 S.W.2d 489, 491 (Tex.1978). One exception to this rule is when a party is successful in making a prima facie showing of fraud in the inducement. But, only very narrow circumstances qualify as fraud in the inducement. The standard was set out very clearly in the seminal decision on the subject, *Town North National Bank v. Broaddus, supra*. That opinion instructs that it is not enough for defendants to allege that they were told that they would not be personally liable on the instrument they executed. They must also show that something more occurred than a mere representation; *in addition to the representation,* they must show that " ... some sort of trick, artifice or device was employed ..." by the alleged defrauder. *Town North National Bank v. Broaddus*, 569 S.W.2d at 493.

■ Appellants' affidavits do not contain any allegations of trickery or deception which are in addition to the representations allegedly made to the effect that appellants were never to be liable personally on the guarantees. Therefore, they do not meet the standard set out in *Broaddus* and the progeny of cases following its holding. *Id; see also, Bailey v. Gulfway National Bank of Corpus Christi*, 626 S.W.2d 70, 73 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Sharpe v. Lomas & Nettleton Fi-*

*nancial Corp.*, 601 S.W.2d 55, 56 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.). We have reviewed the cases cited by appellants and do not find their fact situations similar to the facts of this appeal. They each contain facts showing that some trickery, artifice, or device was employed by the payee.

We hold that appellants failed to allege facts which, if proved, would establish fraud in the inducement and thereby render the facts admissible. Because the evidence produced by appellants on their affirmative defense is inadmissible, they failed to meet their burden of showing the existence of a fact issue. Appellants' points of error are overruled, and the judgment of the trial court is affirmed.