**L.O. BLOCK, Appellant,**

v.

**Pat AUBE, Appellee.**

**No. 09 85 247 CV.**

Court of Appeals of Texas,
Beaumont.

Oct. 23, 1986.

Rehearing Denied Nov. 12, 1986.

Brack Jones, Beaumont, for appellant.

Don Smith, Smith, Hitt & Mescall, Baytown, for appellee.

## OPINION

BURGESS, Justice.

This is a personal guaranty case. On January 4, 1982, Pat Aube entered into a three year contract of employment. Aube's position was that the contract was between himself and Roeling Construction

Company, Inc., and had personally been guaranteed by L.O. Block, individually. Block contends that the employment contract was only between the corporation and Aube. Aube's case is based upon the signature block portion of the contract. That portion is as follows:

> Roeling Construction Company, Inc.
>
> /s/ L.O. Block
> By its Owner and President,
> EMPLOYER

Block maintains that he did not personally guarantee the corporate obligation and that the contractual language specifically identified the corporation as the Employer.

Suffice to say that *TEX.BUS. & COM. CODE ANN. sec. 26.01(b)(2)* (Vernon Supp. 1986), requires a guaranty to be in writing if it is to be enforceable. Aube agrees with this premise of law and is not asserting any type of oral guaranty. Aube simply argues that the insertion of the word "Owner" in the signature block creates a complete written personal guaranty as found by the jury. Block appeals alleging the trial court erred in presenting the question to the jury because the contract, as a matter of law, did not contain a personal guaranty. We agree with Block.

■ No single provision in an instrument, taken alone, will be given controlling effect. Rather, all provisions must be considered with reference to the whole instrument. *Coker v. Coker*, 650 S.W.2d 391 (Tex.1983). Furthermore, a *section 26.01* writing, must be complete within itself in every material detail and contain all of the essential elements of the agreement, so that the contract can be ascertained without resorting to oral testimony. *Cohen v. McCutchin*, 565 S.W.2d 230 (Tex.1978). Here the agreement concerning the *employment* contract is complete, in every detail, but the alleged *guaranty* agreement is not. *See Dunn v. Growers Seed Assn.*, 620 S.W.2d 233 (Tex.Civ.App.—Amarillo 1981, no writ).

A parallel, yet inverse case, is *American Petrofina Company v. Bryan*, 519 S.W.2d 484 (Tex.Civ.App.—El Paso 1975, no writ).

There, two individuals executed a written guaranty, which by its explicit terms was a personal guaranty of a corporate obligation. They signed the instrument with their corporate designations next to their signatures. The court held that these designations were only *descriptio personae* and did not destroy the effect of the instrument.

In *Coleman Furniture Corporation v. Lieurance*, 405 S.W.2d 646 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.), the appeals court reversed a summary judgment in favor of an individual because letters which the individual had written, using personal pronouns and signing as an individual, raised fact issues as to his personal guaranty. Our case is significantly different. Block never used any personal pronouns in the employment contract. In fact, the employer is definitely identified as the corporation, this a clear distinction.

■ In order for a guaranty, as any other instrument, to be enforceable, it must, with reasonable clearness, evidence an intent on the part of a party to become liable on an obligation in case of default by the primary obligator. *Taylor v. First State Bank*, 178 S.W. 35 (Tex.Civ.App.—Fort Worth 1915, no writ). The inclusion of the word "owner", when viewed with the entire contract, did not with reasonable clearness evidence such an intent, as a matter of law. The judgment of the trial court is reversed and rendered in favor of appellant.

REVERSED AND RENDERED.