**PARK CREEK ASSOCIATES, LTD., Appellant,**

v.

**Terri WALKER and Gayla DeLane, d/b/a Walker–DeLane Group, and Stephen L. Walker, Appellees.**

No. 05–87–01189–CV.

Court of Appeals of Texas, Dallas.

July 1, 1988.

Rehearing Denied Aug. 8, 1988.

Ronald D. Law, Richard L. Huffsmith, Michaela E. Conway, Dallas, for appellant.

Michael Sloan, McKinney, for appellees.

Before ENOCH, C.J., and DEVANY and KINKEADE, JJ.

ENOCH, Chief Justice.

Park Creek Associates, Ltd. (Park Creek) brought suit against Terri Walker and Gayla DeLane d/b/a Walker–DeLane Group (Walker–DeLane) for breach of a lease agreement and against Stephen L. Walker (Walker) as guarantor of the lease agreement. Stephen Walker moved for summary judgment on the ground that the statute of frauds was not satisfied as to the guaranty agreement, and the trial court granted Walker's motion. We reverse the trial court's summary judgment and remand this case to the trial court.

Park Creek entered into a written office building lease with Terri Walker and Gayla DeLane, doing business as the Walker–DeLane Group. Terri Walker and Gayla DeLane signed the lease as partners in the Walker–DeLane Group. Stephen Walker also signed the lease immediately below their signatures, adding the word "Guarantor" after his signature.

Walker–DeLane abandoned the property and defaulted in the payment of rent. Park Creek sued Gayla DeLane and Terri Walker for breach of the lease agreement. Park Creek also sued Stephen Walker for breach of his contractual obligations as lease guarantor.

Prior to trial, Stephen Walker moved for summary judgment on the ground that no written guaranty agreement, sufficient to satisfy the statute of frauds, existed. The summary judgment evidence showed that the only written document which could be used to satisfy the statute of frauds was the lease signed in the manner described above. In support of his motion for summary judgment, Stephen Walker also cited his deposition. He stated in his deposition that, by signing the lease, he did not intend to guarantee payment of the lease agreement. Instead, he intended only to certify that the Walker–DeLane Group consisted of Terri Walker and Gayla DeLane.

The trial court granted Walker's motion for summary judgment. At trial, the court granted a post-answer default judgment against Gayla Coates f/k/a Gayla DeLane, ordered Walker's interlocutory judgment final, and ordered a take nothing judgment against Terri Walker due to a discharge which she received from the bankruptcy court. Park Creek now brings a limited appeal from the summary judgment in favor of Walker. In its appeal, Park Creek presents four points of error. In its first three points of error, Park Creek contends, in essence, that the lease agreement as signed by Walker is unambiguous and satisfies the statute of frauds. Therefore, Park Creek argues, Walker failed to meet his summary judgment burden. Because we agree, we do not reach Park Creek's fourth point of error.

The trial court may grant summary judgment only if the summary judgment evidence establishes that there are no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law on the issues expressly set out in the motion, answer, or other response. TEX.R.CIV.P. 166a(c). In his motion for summary judgment, Walker asserted that no writing existed which was sufficient to meet the requirements of the applicable statute of frauds, section 26.01 of the Texas Business and Commerce Code. Therefore, Walker may prevail on this appeal only if he has conclusively established that the requirements of section 26.01 have not been satisfied.

■ Section 26.01 of the Texas Business and Commerce Code provides, in pertinent part:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . .

(2) a promise by one person to answer for the debt, default, or miscarriage of another person.

TEX.BUS. & COM.CODE ANN. § 26.01(a), (b)(2) (Vernon 1987). The Texas supreme court has interpreted § 26.01(a) as requiring "a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Cohen v. McCutchin,* 565 S.W.2d 230, 232 (Tex.1978).

Walker acknowledges that the lease agreement is complete and satisfies the requirements of section 26.01 as a lease. He asserts, however, that the only writing to evidence the guaranty agreement is the single word "Guarantor" written after his signature. He contends that, as to the guaranty agreement, no writing exists which will satisfy the statute. We disagree.

▆ The language of section 26.01 does not expressly prohibit the court from considering the writing containing the obligation guaranteed (i.e. the lease) in determining whether, with regard to the guaranty agreement, the writing requirement is met. In addition, we have found no authority interpreting section 26.01 as imposing such a prohibition. Indeed, it is well established that, under certain circumstances, the requirements of the statute may be satisfied by two or more documents considered together. *Central Power & Light Co. v. Del Mar Conservation District,* 594 S.W.2d 782, 789 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *see also, Walter E. Heller & Co. v. Allen,* 412 S.W.2d 712, 717 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.) (lease and guaranty agreement, executed as part of the same transaction, must be construed together). In this case, the lease is the very document that Walker signed. Therefore, in determining whether section 26.01 is satisfied, this Court may consider not only Walker's signature, followed by the designation "Guar-

antor," but also the document that Walker signed in that manner.

Walker cites *Block v. Aube,* 718 S.W.2d 914 (Tex.App.—Beaumont 1986, no writ), in support of his contention that, as to the guaranty agreement, no writing exists which will satisfy the statute. In that case, Aube entered into an employment contract with the Roling Construction Company, Inc., which Block owned. Block signed the contract on behalf of his company. The designation, "By its Owner and President," followed his signature. Aube sued Block, contending that Block had personally guaranteed the employment contract. Aube argued that the insertion of the word "owner" after the signature created a complete, written, personal guaranty. The court disagreed, however, and found that the writing did not sufficiently evidence a personal guaranty to satisfy the requirements of section 26.01.

*Block* is clearly distinguishable from the case at bar. As the court in *Block* noted, for an instrument to be enforceable as a guaranty, it must show, with reasonable clarity, an intent to be liable on an obligation in case of default by the primary obligor. *Block,* 718 S.W.2d at 915. The Court in *Block* concluded that the inclusion of the word "owner" simply did not show such an intent. *Id.*

▆ In this case, however, Walker signed the lease designating himself "Guarantor." The words "guaranty" and "guarantor" have legal meanings. *See Coleman Furniture Corp. v. Lieurance,* 405 S.W.2d 646, 647 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.) (a guaranty is an undertaking by one person to answer for the payment of a debt or performance of a contract or duty by another). Therefore, unlike the case in *Block,* in this case, Walker's signature on the lease agreement, followed by the designation "Guarantor," unambiguously showed an intent to answer for Terri Walker's and Gayla DeLane's performance of the lease. Furthermore, because the writing is unambiguous, the court may not consider parol evidence of its meaning, such as Walker's testimony that he intended only to guarantee Terri Walk-

er's and Gayla DeLane's status as partners in the Walker–DeLane Group. *See Friday v. Great Plaza Huntsville Associates,* 713 S.W.2d 755, 756 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Walker contends that the writing does not meet the requirement, set out in *Cohen,* that it be "complete within itself in every material detail." *Cohen,* 565 S.W.2d at 232. He asserts that the writing does not specify, for instance, when he becomes liable, the terms of his liability, or whether Park Central may accelerate the lease payments as to him. Unless a guarantor expressly assumes a greater or lesser liability, however, his liability is measured by that of his principal. *Walter E. Heller & Co. v. Allen,* 412 S.W.2d 712, 721 (Tex.Civ. App.—Corpus Christi 1967, writ ref'd n.r. e.). Thus Walker is liable to the same extent as the lessees in the event of their breach. *See id.* at 717. Walker does not contend that the lease is ambiguous or that it insufficiently sets forth the lessees' liability. The writing clearly shows the parties, Walker's intent to guaranty the obligation, and the obligation guaranteed. Therefore, Walker's signature, considered together with the lease agreement, sufficiently sets forth the elements of the guaranty agreement to satisfy the requirements of section 26.01.

Because Walker has failed to meet his summary judgment burden to establish, as a matter of law, that the writing does not satisfy the requirements of section 26.01, the trial court's summary judgment in his favor is reversed. Park Cities filed no opposing motion for summary judgment with the trial court, nor did it file any other motion seeking judgment against Walker. Therefore, we remand this case to the trial court for proceedings consistent with this opinion. *CRA, Inc. v. Bullock,* 615 S.W.2d 175, 176 (Tex.1981) (per curiam) (upon determining that summary judgment was improperly granted appellee, court of appeals may not render judgment for appellant who did not file cross motion for summary judgment).

KINKEADE, J., concurs.

KINKEADE, Justice, concurring.

I concur with the majority's holding, but do not agree with its reasoning. Ambiguity in an agreement is a question of law for the court. *Gulf & Basco Co. v. Buchanan,* 707 S.W.2d 655, 657 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.). Where neither party has alleged that the contract is ambiguous, the construction of the contract is a question of law for the court. *Praeger v. Wilson,* 721 S.W.2d 597, 600 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.). If after applying established rules of interpretation to the agreement, it remains reasonably susceptible to more than one meaning, it is ambiguous and a fact issue is created. *Gulf & Basco Co.,* 707 S.W.2d at 657; *Walker v. Horine,* 695 S.W.2d 572, 577 (Tex.App.—Corpus Christi 1985, no writ). The courts should give effect to the true intention of the parties. To achieve this objective, the courts examine and consider the entire writing, seeking as best they can to harmonize and give effect to *all* the provisions of an agreement so that none will be rendered meaningless. *Gulf & Basco Co.,* 707 S.W.2d at 657, *quoting, Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 518, 243 S.W.2d 154, 157–58 (1951).

In order to comply with section 26.10(a), (b)(2) of the Texas Business and Commerce Code, the writing must be a written memorandum which is complete within itself in every material detail, containing all the essential elements of the agreement. *Metro Siding Distributors, Inc. v. Master Shield, Inc.,* 717 S.W.2d 455, 457 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.), *citing, Cohen v. McCutchin,* 565 S.W.2d 230, 232 (Tex.1978). In the present case, Walker's signature appears on the lease agreement with the designation "Guarantor" following it. This notation indicates "an undertaking by one person to be answerable for the payment of some debt or the performance of some contract or duty by another person, who *himself remains liable.*" *Cook v. Citizens National Bank,* 538 S.W. 2d 460, 462 (Tex.App.—Beaumont 1976, no writ) (emphasis in original). A guaranty agreement is to be strictly construed and

may not be extended beyond its precise terms by construction or implication. *Robinson v. Surety Insurance Co.*, 688 S.W.2d 705, 708 (Tex.App.—Ft. Worth 1985, no writ).

I would hold that the precise terms or the essential elements of the guaranty agreement in this case cannot be determined by the bare signature. For that reason I would hold that the guaranty agreement is ambiguous and a fact question exists concerning Walker's liability. *See Walker*, 695 S.W.2d at 577. The trial court's summary judgment should be reversed and the cause remanded for new trial.