No. 04-99-00241-CV

Joel SELLERS,

Appellant

v.

SAN ANTONIO STEEL COMPANY, INC.,

Appellee
From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 246,885
Honorable Timothy F. Johnson, Judge Presiding

Opinion by: Paul W. Green, Justice

Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: March 22, 2000


AFFIRMED

 Appellant Joel Sellers appeals from the grant of summary judgment in favor of
appellee, San Antonio Steel Company, Inc., in its suit to collect from Sellers as a guarantor
on an open account. In issue one, Sellers challenges the summary judgment granted in favor
of San Antonio Steel. His second issue complains of the trial court's denial of his motion to
transfer venue. The third issue challenges the amount of post-judgment interest awarded on
damages. The fourth issue contests the conditional award of attorneys fees to San Antonio
Steel in the event that Sellers unsuccessfully appeals to this Court or the Texas Supreme
Court. Finally, the fifth issue asks this Court to modify the judgment of the trial court to
provide that Sellers is entitled to receive credit against the amount of the judgment for any
amounts paid to or collected by San Antonio Steel from Mark Sellers and/or Sellers Grain
Co., Inc.

Facts Sellers Grain Co., Inc. entered into a written agreement with San Antonio Steel for
purchases on open account. The written agreement was printed on a single piece of paper
folded in half, making four sides to the document. The first side was headed "CREDIT
APPLICATION;" the second side, "CREDIT AGREEMENT;" the third, "CONTINUING
GUARANTY;" and the fourth, "TEXAS CERTIFICATE OF EXEMPTION" (a sales tax
exemption).

 The CREDIT AGREEMENT had two blanks for "Name of Buyer." In one blank was
written "Sellers Grain Co., Inc." and in the other was "Joel A. Sellers." There was also a
single blank for "Authorized Individual to Sign." Sellers signed that blank.

 The first sentence of the first paragraph on the CONTINUING GUARANTY page
reads, in relevant part, as follows: "[T]he undersigned, whether one or more ("Guarantor"),
jointly and severally hereby unconditionally guarantee the payment of all obligations of
________________________ ("Debtor"), to San Antonio Steel Company, Inc. ("Creditor")."
The blank was left unfilled, but Joel Sellers and Mark Sellers both signed in blanks labeled
"GUARANTOR INDIVIDUALLY."

Issue One-Summary Judgment

A. Standard of Review

 On appeal, San Antonio Steel has the burden of showing there is no genuine issue of
material fact and it is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding whether a disputed fact
issue precludes summary judgment, we take evidence favorable to the nonmovant as true.
Nixon, 690 S.W.2d at 548-49. We indulge every reasonable inference in favor of the
nonmovant and resolve any doubts in the nonmovant's favor. Montgomery v. Kennedy, 669
S.W.2d 309, 310-11 (Tex. 1984). A plaintiff, as movant, must conclusively prove all
essential elements of his claim to be entitled to summary judgment. See MMP, Ltd. v. Jones,
710 S.W.2d 59, 60 (Tex.1986).

B. Statute of Frauds

 Sellers argues the statute of frauds(1) renders the guaranty agreement unenforceable,
because the blank for "Debtor" on the CONTINUING GUARANTY page was not filled in
with "Sellers Grain Co., Inc." Sellers argues this is a material detail, and its omission renders
the guaranty agreement unenforceable. San Antonio Steel argues that by analyzing all four
pages of the written agreement between the parties, it is clear the CONTINUING
GUARANTY was a guaranty for the debts of Sellers Grain Co., Inc.

 The statute of frauds requires a written memorandum, complete in itself in every
detail, containing all the essential terms of the agreement, so that the contract can be
determined from the writings without resorting to oral testimony. See Cohen v. McCutchin,
565 S.W.2d 230, 232 (Tex. 1978). We construe the agreement in light of the entire writing,
in order to ascertain and give effect to the true intentions of the parties. See Coker v. Coker,
650 S.W.2d 391, 393 (Tex. 1983).

To achieve this objective, courts should examine and consider the entire
writing in an effort to harmonize and give effect to all the provisions of the
contract so that none will be rendered meaningless. No single provision taken
alone will be given controlling effect; rather, all the provisions must be
considered with reference to the whole instrument. [citations omitted]

Coker, 650 S.W.2d at 393.

 It is well settled, under proper circumstances, the writing requirement of the statute
of frauds may be satisfied by two or more documents considered together. See Park Creek
Associates v. Walker, 754 S.W.2d 426, 428 (Tex. App.-Dallas 1988, writ denied); Central
Power & Light Co. v. Del Mar, 594 S.W.2d 782, 789 (Tex. App-San Antonio 1980, writ
ref'd n.r.e).

 Having reviewed the entire document, we hold it cannot plausibly be argued the
"Debtor" in the CONTINUING GUARANTY was anyone other than Sellers Grain Co., Inc.
It is uncontroverted the entire four page document was executed as a single transaction.
"Sellers Grain Co., Inc." appears three times in the four page document as either "buyer"
or "purchaser." Sellers signed as guarantor of the debt to San Antonio Steel incurred under
the agreement. The trial court did not err in finding the guaranty agreement enforceable
under the statute of frauds.

C. Ambiguity

 In a single sentence in his Statement of Facts, Sellers contends San Antonio Steel pled
in the alternative that the document is ambiguous, therefore, summary judgment was
improper. This point is not raised as an issue, nor is it briefed or argued by Sellers. No
authority is cited. We hold any error is waived. See Tex. R. App. P. 38(g), (h); Kosowka v.
Khan, 929 S.W.2d 505, 508-09 (Tex. App.-San Antonio 1996, writ denied); Olsen v. Central
Power & Light Co., 803 S.W.2d 808, 813 (Tex. App.-Corpus Christi 1991, writ denied).

 Because we hold the CONTINUING GUARANTY obligates Sellers to repay the
indebtedness of Sellers Grain Co., Inc., to San Antonio Steel, we overrule issue one.

 Issue Two--Venue

 In determining the propriety of a venue ruling, we review the entire record, including
the trial on the merits. See Tex. Civ. Prac. & Rem. Code 15.064(b) (Vernon 1995). The
trial court's decision on venue should be affirmed if there is "any probative evidence" in the
record showing venue was proper in the court where judgment was rendered. See Ruiz v.
Conoco, Inc., 868 S.W.2d 752, 758 (Tex.1993).

 Sellers asserts his motion to transfer venue from Bexar County to Hamilton County
should have been granted. He argues the instrument upon which San Antonio Steel brought
its suit was defective; therefore, it cannot be used to support the trial court's determination
of venue. Sellers misconstrues the review required of the trial court on a determination of
venue. See Tex. R. Civ. P. 87(3)(a).

 The lawsuit, as pled by San Antonio Steel, stemmed from Sellers' failure to make
payments to San Antonio Steel in San Antonio, Bexar County, Texas, as required in the
written agreement. Sellers filed a specific denial of San Antonio Steel's venue facts, thereby
shifting the burden to San Antonio Steel to show prima facie evidence to support its venue
choice. See Geochem Tech Corp. v. Verseckes, 962 S.W.2d 541, 543 (Tex. 1998). Such
prima facie proof is not subject to rebuttal, cross examination, impeachment or even
disproof. See Ruiz, 868 S.W.2d at 757.

 San Antonio Steel presented adequate prima facie evidence to support the venue facts
recited in its pleadings. See Tex. R. Civ. P. 87(3)(a); Tex. Civ. Prac.& Rem. Code
15.001-.002, 15.005-.006, 15.035 (Vernon 1986 & Supp. 1999). San Antonio Steel provided
the affidavit of its vice president setting forth the factual basis of the lawsuit and including
an admissible copy of the contract in dispute. This meets the requirements of Tex. R. Civ.
P. 87(3)(a).

 Sellers argues the blank space in the disputed CONTINUING GUARANTY prevents
the pleadings relating to that document from providing the basis for venue in Bexar County.
Sellers' argument goes to the merits of San Antonio Steel's claim. San Antonio Steel is not
required to prove the merits of its cause of action to establish venue, only to show the
existence of a properly pled cause of action. Tex. R. Civ. P. 87(2)(b), (3)(a). Sellers' second
issue is overruled.

Issue Three-Post-judgment Interest The court awarded San Antonio Steel post-judgment interest of 18 percent per annum
on the judgment award of actual damages and pre-judgment interest. Sellers complains for
the first time on appeal that the amount awarded as post-judgment interest should only bear
interest at the rate of ten percent per annum pursuant to Tex. Fin. Code 304.003.
Arguments raised for the first time on appeal are not properly preserved and cannot be
considered by the appellate court. See Tex. R. App. P. 33.1(a); Aero Energy, Inc. v. Circle
C Drilling Co., 699 S.W.2d 821, 822 (Tex. 1985); Heard v. Houston Post Co., 684 S.W.2d
210, 212 (Tex. App.-Houston [1st Dist.] 1994, writ ref'd n.r.e). Sellers was required to file
a motion to modify the judgment to bring the error to the attention of the trial court in order
to preserve the issue for appeal. See L. M. Healthcare, Inc. v. Child, 929 S.W.2d 442, 443
(Tex. 1996). Sellers' third issue is overruled.

Issue Four-Appellate Attorneys' Fees

 Sellers complains for the first time on appeal that there is no evidence to support the award
of appellate attorneys' fees because no appellate work had been performed at the time the
judgment was signed. To the extent Sellers complains the conditional grant of fees is
contrary to the law, the issue is waived because it was never raised in the trial court. See
Tex. R. App. Proc. 33.1(a); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678-79 (Tex. 1979); Cadle Co. v. Henderson, 982 S.W.2d 543, 545 (Tex. App.-San Antonio
1998, no pet.); Fisher v. Capp, 597 S.W.2d 393, 397 (Tex. App.-Amarillo 1980, writ ref'd
n.r.e.).

 To the extent Sellers complains of no evidence to support the amount of fees awarded,
we consider the issue only to determine whether the motion for summary judgment was
legally sufficient. See Clear Creek, 589 S.W.2d at 678-79; Fisher, 597 S.W.2d at 397. The
award of conditional fees as set out in the trial court's order has been specifically approved
as the appropriate procedure for awarding attorneys' fees in the event of an appeal. See Int'l
Security Life Ins. Co. v. Spray, 468 S.W.2d 347, 349 (Tex. 1971). San Antonio Steel
presented uncontroverted, competent evidence (1) $5,000.00 was a reasonable and necessary
attorneys' fee for San Antonio Steel if Sellers filed an appeal to the Court of Appeals, and
(2) a further $5,000.00 was a reasonable and necessary attorneys' fee if Sellers filed an
appeal to the Texas Supreme Court. This is sufficient to support the trial court's award. We
overrule Sellers' issue four.

Issue Five-Conditional Offsets

 Sellers argues for the first time on appeal that the judgment should allow for an offset
to his liability if San Antonio Steel can recover any amount of the debt from Mark Sellers
or Sellers Grain Co., Inc. Sellers waived this issue by failing to present it to the trial court.
See Tex.R.App.Proc. 33.1(a); Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821,
822 (Tex. 1985); Heard, 684 S.W.2d at 443. We overrule issue five.

Conclusion

 Because we overrule all of Sellers' issues, we affirm the judgment of the trial court.

 PAUL W. GREEN,

 JUSTICE

DO NOT PUBLISH


1. See Tex. Bus. & Com. Code Ann. 26.01 (Vernon 1987).