CITIZENS NATIONAL BANK OF
BRECKENRIDGE et al.,
Appellants,

v.

Colene Pennington ALLEN, Appellee.

No. 5188.

Court of Civil Appeals of Texas,
Eastland.

Dec. 21, 1978.

Rehearing Denied Jan. 18, 1979.

C. J. Eden, Breckenridge, Lawrence Teis, Roye, Sweatt, Neal & Teis, Graham, Stanley P. Wilson, McMahon, Smart, Wilson, Surovik & Suttle, Abilene, for appellants.

Frank L. Jennings, Jennings, Montgomery, Dies & Turner, Graham, William G. Thompson, Thompson & Cook, Breckenridge, for appellee.

RALEIGH BROWN, Justice.

Colene Pennington Allen sued Citizens National Bank of Breckenridge to recover the proceeds of a certificate of deposit in the amount of $20,000 issued by the Bank to "Katey Mueller as Trustee for Colene Pennington." Citizens Bank brought a third-party action against D. C. Stapp in his capacity as Independent Executor of the Estate of Katey Mueller, Deceased. After a jury trial, judgment was entered against Citizens Bank for $20,660.23 plus interest and costs. Citizens Bank was awarded judgment against Stapp for the same

amount. Citizens National Bank of Breckenridge and D. C. Stapp bring separate appeals with identical points of error, with Stapp urging one additional point of error. We reverse and remand.

Mrs. Katey Mueller with $20,000 of her own funds purchased from Citizens Bank a certificate of deposit which recited in part that "Katey Mueller, as Trustee for Colene Pennington, has deposited in this Bank Twenty Thousand Dollars ($20,000). . . ." Colene Pennington is one and the same as Colene Pennington Allen.

At all times prior to her death, Katey Mueller was paid the interest on the certificate of deposit by the Bank. She died before the certificate matured. Mrs. Mueller left a duly executed will which was admitted to probate in Stephens County. The will appointed D. C. Stapp, the decedent's brother, Independent Executor of the estate. After making some specific bequeaths, without any mention of the certificate of deposit, Mrs. Mueller's will bequeathed and devised the remainder of her property to D. C. Stapp.

After Stapp qualified as Independent Executor of the Estate of Katey Mueller, Deceased, letters testamentary were issued to him. Stapp delivered the letters testamentary to the Bank. Subsequently, he removed the certificate of deposit in question from the safety deposit box of Katey Mueller. On the same day, Stapp negotiated the certificate of deposit at the bank and deposited its proceeds in the bank in savings and checking accounts entitled "Katey Mueller Estate."

Mrs. Allen sued the Bank contending that Katey Mueller purchased the certificate of deposit as trustee for her and that she was the owner of the certificate on Mrs. Mueller's death. The bank denied its liability to Mrs. Allen contending that Mrs. Mueller did not intend to effect a gift of the certificate nor did she intend to create any type or kind of trust for the benefit of Mrs. Allen. The Bank brought its third-party action against Stapp contending that if Mrs. Allen should recover against it, the Bank should recover the same amount against Stapp.

Responding to special issues, the jury found: (1) Katey Mueller intended to establish a revocable trust for the benefit of Colene Pennington Allen; (2) Katey Mueller did not, prior to her death, revoke the arrangement; (3) Katey Mueller did not intend such arrangement solely for the purpose of having the funds separately insured; (4) the proceeds of the certificate were paid by the Bank to Stapp by depositing same in an account for the Estate of Katey Mueller; (5) the deposit of such funds was made and accepted under the belief that Katey Mueller intended to retain both the legal and beneficial ownership of the certificate; and (6) the payment of the proceeds by the Bank to Stapp was not in response to an inaccurate or wrongful representation of title to the certificate by Stapp.

Appellants' first point of error asserts that Colene Pennington Allen has failed to allege a cause of action. They contend that the purchase by Katey Mueller of the certificate of deposit inscribed "Katey Mueller as Trustee for Colene Pennington" established at most a "Totten" or "tentative trust," and as such as a matter of law is not valid in Texas, citing *Fleck v. Baldwin,* 141 Tex. 340, 172 S.W.2d 975 (1943).

Our examination of the cases reflects that the term "Totten" or "tentative trust" is an ambiguous term which usually refers to the Totten or tentative trust doctrine promulgated in the case of *In re Totten,* 179 N.Y. 112, 71 N.E. 748 (1904) as follows:

A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. . . .

When a deposit is made in an account in the name of the depositor "in trust" for another, the typical instrument containing the trust recitals does not provide for an expressed power of revocation. In the majority of states, an expressed trust is irrevocable unless a power of revocation is reserved in the terms of the trust. Bogert, Trusts & Trustees § 998 (2d ed. 1962).

Thus, in jurisdictions which do not recognize an implied power of revocation, without the application of the "Totten" or "tentative trust" doctrine, a deposit in the depositor's name "in trust" for another creates an irrevocable trust or no trust at all. If the depositor retains possession of the passbook, the trust is revocable by nature, and it is difficult to show an intent to create an irrevocable trust.

The effect of the "Totten" or "tentative trust" doctrine is to imply a power of revocation into the terms of the trust. Bogert, Trusts & Trustees § 47 (2d ed. 1965). The doctrine creates a presumption that the depositor intended to create a revocable trust which became irrevocable upon his death and enforceable by the beneficiary as to the balance on hand, if the depositor dies without revoking the trust. See *In re Petralia,* 32 Ill.2d 134, 204 N.E.2d 1 (1965); Restatement (Second) of Trusts § 58 (1959).

Although the "Totten" or "tentative trust" doctrine is normally associated with bank, savings and loan association, or building and loan association accounts opened in trust form, it has been applied to certificates of deposit issued to the purchaser as trustee for another. 46 A.L.R.2d 487 (1972).

■ While we believe Texas has not adopted the "Totten" or "tentative trust" doctrine in regard to the presumption of intent to create a trust, we believe that when the requisite intent is present, a valid inter vivos revocable trust can be established when a certificate of deposit is purchased and held in the name of the purchaser (trustor-trustee) in trust for another (beneficiary). The intended trust terminates and is enforceable by the beneficiary upon the death of the trustor-trustee if he has not revoked the trust.

*Fleck v. Baldwin, supra,* held that the deposit of money in an account in the name of the depositor "in trust" for another does not, standing alone, create a presumption that the depositor intended to create an *irrevocable* trust. The same rule was applied to the purchase of a building and loan stock certificate held in the name of the purchaser in trust for another. *Fleck* did not involve the application of the Texas Trust Act because the alleged trusts in that case were created before April 19, 1943, the effective date of the act. At that time, trusts in Texas, as is presently true in the majority of states, were considered irrevocable unless an expressed power of revocation was reserved in the terms of the trust. See *Monday v. Vance,* 92 Tex. 428, 49 S.W. 516 (1899); *Elbert v. Waples-Platter Co.,* 156 S.W.2d 146 (Tex.Civ.App.—Fort Worth 1941, writ ref'd w.o.m.). The court in *Fleck* assumed that the deposits and certificates held "in trust" created either an irrevocable trust or no trust at all, and did not consider the possibility of a revocable trust. The court neither considered nor applied the "Totten" or "tentative trust" doctrine.

■ Article 7425b–41 of the Texas Trust Act provides that "(e)very trust shall be revocable by the trustor during his lifetime, unless expressly made irrevocable by the terms of the instrument." The effect of this article is to imply a power of revocation in every trust unless provided otherwise. Thus, in Texas, the "Totten" or "tentative trust" doctrine is not necessary in order to imply a power of revocation to trusts which do not provide for an expressed power of revocation.

■ The Texas Supreme Court made it clear that a valid inter vivos trust can be created although the trustor reserves the power to revoke if the equitable title otherwise passes at the time of the creation. A valid inter vivos trust does not purport to be a will and therefore is not invalid as an attempted testamentary disposition. *Land v. Marshall,* 426 S.W.2d 841 (Tex.1968); *Westerfeld v. Huckaby,* 474 S.W.2d 189 (Tex.1971). Finally, the Texas Trust Act

also expressly sanctions the creation of a trust by "(a) declaration in writing by the owner of the property that he holds it as trustee for another person . . . .."

Thus, a valid inter vivos trust may be created by the purchase of a stock certificate held in the name of the purchaser in trust for another if the purchaser so intends. The ultimate and controlling question is the intent of the purchaser. The recitals on the certificate that such is held "in trust" for another are evidentiary only, and do not give rise to a presumption that a trust was intended. See *Fleck v. Baldwin,* 141 Tex. 340, 172 S.W.2d 975 (Tex.1943). We hold that when a valid inter vivos revocable trust is established and not revoked during the lifetime of the trustor, it becomes irrevocable upon his death, and there being no other unfulfilled purposes of the trust expressed, the trust terminates and is enforceable by the beneficiary.

We overrule appellants' first point of error.

Citizens Bank contends the trial court erred in its definition of the term "trust" in connection with Special Issue 1. Mrs. Allen urges that the Bank waived such complaint by its failure to submit a substantially correct definition.

The court in *Lyles v. Texas Employers' Insurance Association,* 405 S.W.2d 725 (Tex. Civ.App.—Waco 1966, writ ref'd n. r. e.) said:

In the case of explanatory instructions and *definitions:* if they are *omitted,* under Rule 279 a *request* is prerequisite to complaint of the omission by any party, irrespective of reliance on the issue. *Great American Indemnity Co. v. Sams,* 142 Tex. 121, 176 S.W.2d 312, syl. 4; *Yellow Cab and Baggage Company v. Green,* 154 Tex. 330, 277 S.W.2d 92, 93. If the *definition* is *given,* but is claimed to be *defective,* under Rule 274 *objection* is the means of preserving the complaint. *Angeline Casualty Company v. Holt,* Tex. Sup., 362 S.W.2d 99, 101. *Texas Employers' Ins. Ass'n v. Mallard,* 143 Tex. 77, 182 S.W.2d 1000, 1002.

Since Citizens Bank properly objected to the definition given, the error was preserved.

The challenged instruction stated:

You are instructed that a "TRUST" as that term is used in this Charge is established by the depositing of funds in the name of a trustee for the benefit of another person. You are further instructed that a Trust is revocable if the depositor intended to reserve the power to withdraw all or any part of the deposit at any time during the depositor's lifetime. You are further instructed that a Trust is revocable unless expressly declared to be irrevocable.

The mere act of depositing funds in the name of a trustee for the benefit of another does not establish a trust. A trust is created by such an act only if the donor intended that a trust be created.

As stated in 89 C.J.S. Trusts § 54 (1955):

It is the general rule that whether any trust, tentative or irrevocable, is in fact created depends on the intention of the parties, and the fact that a deposit is in form in the name of the depositor in trust for another is not conclusive that any trust, tentative or irrevocable, is created, in the absence of the depositor's intention to create a trust, and the claim that a deposit in the name of another or the depositor created a tentative trust has been denied.

Supportive of such position is *Fleck v. Baldwin,* 141 Tex. 340, 172 S.W.2d 975 (Tex. 1943), wherein the court stated:

The ultimate, controlling fact to be determined is the intention of the donor. Such a transportation does or does not create a trust according as the donor intended.

. . . .

We hold the court erred in instructing the jury that "a trust . . . is established by the depositing of funds in the name of a trustee for the benefit of another person." For such error, the cause must be reversed.

 The Bank and Stapp argue that the trial court erred in refusing to permit each party to have six peremptory challenges in the selection of the jury. We disagree.

The record fails to show that either party was required to accept one or more jurors whom it wished to challenge.

The court in *Tamburello v. Welch,* 392 S.W.2d 114 (Tex.1965) said:

Even before the adoption of the Rules of Civil Procedure, a refusal to allow the proper number of peremptory challenges was regarded as immaterial in the absence of a showing that the party affected was required to accept one or more jurors whom he wished to challenge. See *Wolf v. Perryman,* 82 Tex. 112, 17 S.W. 772; *Snow v. Starr,* 75 Tex. 411, 12 S.W. 673. Rules 434 and 503 now provide that no judgment shall be reversed and a new trial ordered for an error of law committed in the course of the trial unless the appellate court is of the opinion that the error was reasonably calculated to and probably did cause the rendition of an improper judgment.

.   .   .   .   .

The harmless error rule undoubtedly applies where a party is denied the number of peremptory challenges to which he is entitled.   .   .   .

Stapp urges that the court erred in overruling his motion in limine directed to the exclusion of testimony of Colene Pennington Allen concerning statements of Katey Mueller.

 The granting or overruling of a motion in limine, even if erroneous, is never reversible error. *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331 (Tex.1963). The testimony concerning transactions between Mrs. Allen and Katey Mueller was admitted throughout the trial without objection by Stapp. Therefore, without passing on its applicability, the disqualification imposed by the Dead Man's Statute, Article 3716, V.A.C.S., has been waived by Stapp. *Collins v. Smith,* 142 Tex. 36, 175 S.W.2d 407 (Tex.1943).

It is unnecessary to consider the cross-point of Colene Pennington Allen and the conditional point urged by Citizens Bank regarding the prejudgment interest awarded by the court.

The judgment will be reversed and the cause remanded.