**Bob ISBELL, Virginia Schell and Pauline Merritt, Independent Executors of the Estate of Annie Isbell, Deceased, Appellants,**

v.

**Brenda Schell WILLIAMS and Mark Schell, Appellees.**

No. 9565.

Court of Appeals of Texas, Texarkana.

Aug. 25, 1987.

Rehearing Denied Sept. 15, 1987.

Pat C. Beadle, Beadle and Beadle, Clarksville, for appellants.

Douglas W. Skemp, Dallas, for appellees.

GRANT, Justice.

A prior judgment in this case was reversed and remanded. *Isbell v. Williams,* 705 S.W.2d 252 (Tex.App.-Texarkana 1986, writ ref'd n.r.e.). This second appeal is from a judgment in the retrial which held that two accounts established in a savings and loan institution in Paris, Texas, by Annie Isbell before her death were trust accounts. The result was that funds in the accounts would go to the trust beneficiaries, who are the appellees in this case, rather than pass under the will of Annie Isbell to appellants and others.

Annie Isbell opened the two accounts in question in different months of 1980. Each account card had printed language denoting a joint savings account with a right of survivorship, although Annie Isbell's was the only signature on the cards. Handwritten language at the top of each card, however, provided "Annie Isbell TR/for Brenda Schell Williams and Mark Schell" (except that on one card the last names appear first).

Annie Isbell died on May 28, 1981, with both of the savings and loan accounts still in existence. The appellants claimed the funds in the two accounts under Annie Isbell's will which devised her personal property, including "cash on hand, savings, certificates of deposit" in four shares to the appellants and two grandchildren. The appellees, in turn, claimed the funds in the accounts as beneficiaries of trusts which they contended were established by the account cards.

The savings and loan association filed an interpleader action and deposited the funds into the registry of the court. The jury in the first trial found that Annie Isbell intended for the money in the accounts to go to Brenda Williams and Mark Schell. Appeal was taken, and on January 14, 1986, this Court reversed and remanded the case. *Isbell v. Williams, supra.* We concluded that an ambiguity existed on the account cards between the printed and handwritten language and that the controlling fact issue in the case under the nontestamentary provisions of the Texas Probate Code is whether or not the form of the account and the deposit agreement, along with parol evidence to clarify ambiguities, are sufficient to comply with the requirements for establishing trust accounts as set forth in Tex. Prob.Code Ann. § 436(14) (Vernon 1980).

On remand, only two witnesses testified: the president of the interpleader and another banker with many years experience. The testimony of both witnesses was that the two accounts in question, by virtue of the account cards used and as modified by handwritten language, were trust accounts and that this interpretation was consistent

with the manner of establishing such accounts in 1980.

The appellants called no witnesses but did cross-examine the two bankers extensively as to the nature of the two accounts. The jury found the accounts to be trust accounts, and a judgment was rendered accordingly.

Appellants bring thirty-two points of error.

■ In *Isbell v. Williams, supra,* this Court held that an ambiguity exists between the printed and handwritten language on the account cards in question. We further stated that the handwritten language would control over the printed language on the account cards, and that parol evidence could be introduced to clarify the existing ambiguities. Appellants argue that the appellees were required to plead ambiguity in the retrial of this case. Appellants also argue that the trial court erred in admitting parol evidence, because there was no pleading of ambiguity. The appellees take the position that the issue of ambiguity was tried by consent of the parties and that the issue should be treated in all respects as if it had been raised in the pleadings, as is provided by Tex.R.Civ.P. 67. The record so reflects, and we agree with the appellees' contention. No objection was made in the trial court that appellees had failed to plead ambiguity, and the extrinsic evidence concerning the ambiguity was fully developed. Thus, that alleged defect was waived, and it is presumed that the issue was tried by consent. *Gulf & Basco Co. v. Buchanan,* 707 S.W.2d 655 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Realtex Corp. v. Tyler,* 627 S.W.2d 441 (Tex.Civ.App.-Houston [1st Dist.] 1981, no writ); *Damron v. C.R. Anthony Co.,* 586 S.W.2d 907 (Tex. Civ.App.-Amarillo 1979, no writ).

■ In several points of error, appellants contend that the court erred in refusing to admit Annie Isbell's will or to submit special issues related to her intent at the time she set up the accounts or to take various other actions relative to discovery of Annie Isbell's intent. Annie Isbell's intent standing alone as to whom she wanted to have the property after her death was not a controlling issue. The jury had to determine if the transactions with the savings and loan association factually complied with the requirements to set up trust accounts under Section 436(14) of the Probate Code.[1]

■ Appellants specifically complain of the exclusion from evidence of Annie Isbell's will. While we find that the will should have been admitted into evidence as having some relevancy, we do not find that this exclusion constitutes reversible error. We cannot conclude that the exclusion of this evidence was reasonably calculated to cause or probably did cause the rendition of an improper judgment, because the documents signed by Annie Isbell setting up the accounts and the testimony concerning the nature of these documents tend to have much greater probative force than the contents of a will that was made several months earlier and that in no way precluded Annie Isbell from setting up the accounts as trust accounts. *See Modern Exploration, Inc. v. Maddison,* 708 S.W.2d 872 (Tex.App.-Corpus Christi 1986, no writ).

■ A portion of the jury instruction provided:

In case of any conflict between the meaning of the words which were handwritten on the account cards and the printed portion of the cards, the handwritten words will control.

Appellants contend that the instruction was a comment on the weight of the evidence and that there was no evidence that Annie Isbell applied the handwritten words herself or that she understood their meaning. The account cards were admitted into evidence with the stipulation that they had

---

1. After the passage of the Texas Trust Act, but prior to the passage of the nontestamentary provisions of the Probate Code, using the term "in trust" or similar language did not give rise to a presumption that a trust was intended. Such usage created a fact question as to the intent to establish a trust. *Citizens National Bank of Breckinridge v. Allen,* 575 S.W.2d 654 (Tex.Civ. App.-Eastland 1978, writ ref'd n.r.e.).

been signed by Annie Isbell. No objection was made to the handwritten words on the documents. Therefore the documents including the handwritten changes were in evidence for all purposes. There is no requirement that these changes be in Annie Isbell's handwriting and the party introducing the exhibit does not have the burden of showing the signer's subjective understanding.

■■■ The instruction to the jury is in accordance with well-established law. *Southland Royalty Co. v. Pan American Petroleum Corp.*, 378 S.W.2d 50 (Tex. 1964); *Montgomery Ward & Co. v. Dalton*, 665 S.W.2d 507 (Tex.App.-El Paso 1983, no writ). The trial court has a right to give any instruction to the jury, so long as it is a correct statement of the law and will aid the jury in answering the special issues. 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 12.-14.2 (rev. 1983). An incidental comment on the weight of the evidence which is properly part of an explanatory instruction or definition is not improper. *Charter Builders v. Durham*, 683 S.W.2d 487 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). To constitute a comment on the weight of the evidence, the instruction must be worded so as to indicate an opinion by the trial court as to the truthfulness of the fact inquired about. *Molina v. Payless Foods, Inc.*, 615 S.W.2d 944 (Tex.Civ.App.-Houston [1st Dist.] 1981, no writ). We find no error in this instruction by the trial court.

■■■ The appellants also complain of the court's refusal to instruct the jury as to whether Annie Isbell might have established the two accounts in the trust form in order to bring them within the coverage of the Federal Savings & Loan Insurance Corporation for depositors' accounts.[2] The

testimony on this question was not relevant or probative to determine the nature of the accounts actually established by Annie Isbell. Regardless of Annie Isbell's motivation for setting up the accounts, in the absence of fraud, coercion or undue influence, the nature of the accounts would be determined by what Annie Isbell objectively accomplished rather than by examining her purpose. We find no merit in the points of error relating to the intent of Annie Isbell regarding the two accounts.

■■■ Appellants contend that there was no evidence or that there was insufficient evidence to establish that the two account cards created trust accounts as defined by the Texas Probate Code or to authorize submission of such issues to the jury. When considering a no evidence claim, we must review the evidence in its most favorable light and consider only the evidence and inferences in support of the findings and reject the evidence and inferences which are contrary to the findings. *Buchanan*, 707 S.W.2d at 659. In reviewing a claim of insufficient evidence, we must consider and weigh all evidence in the case and set aside the verdict and remand the cause for a new trial if the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

We find that the testimony of the two witnesses and the stipulated written evidence were sufficient to sustain the jury's finding of the creation of trust accounts. The points contending otherwise are overruled.

■■■ Appellants contend that the issues submitted to the jury were legal in nature, rather than factual.[3] Whether am-

---

2. The court instructed the jury as follows: "In answeri.ig the following Special Issues you will wholly disregard any and all evidence before you relating to Federal Deposit Insurance."

3. The jury instruction included the following:
   In answering the following Special Issues, you are hereby instructed that a "Trust Account" means an account in the name of one or more parties as trustee for one or more beneficiaries where the relationship is estab-

lished by the form of the account and the deposit agreement with the financial institution and there is no subject of the trust other than the sums on deposit in the account. It is not essential that payment to the beneficiary be mentioned in the deposit agreement.

In answering the Special Issues, you are to consider the form of the accounts and the language of the deposit agreements. In resolving any ambiguities in meaning, you may take into consideration any credible testimo-

biguity exists in a contract is a legal issue. *Buchanan, supra.* But where the existence of ambiguity in the language of an agreement has been determined by the court, and there is a dispute as to the interpretation to be placed upon it by parties, the issue of its true meaning is one of fact for the jury. *Walker v. Horine*, 695 S.W.2d 572 (Tex.App.-Corpus Christi 1985, no writ); *Amistad, Inc. v. Frates Communities, Inc.*, 611 S.W.2d 121 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.). *See also O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.).

 Finally, appellants argue that the jury's findings were improper because no issue was submitted to the jury as to breach of contract nor was there a jury finding that a breach of contract had occurred. The controlling issue in this case was the factual nature of each of the accounts established by Annie Isbell, and that issue was submitted to the jury as to each account. Neither party alleged nor offered evidence regarding a breach of contract, and it may not be raised as error for the first time on appeal. Tex.R.App.P. 52(a).

The trial court conducted the retrial in this cause in a manner consistent with this Court's opinion in *Isbell v. Williams, supra.* The issue tried and submitted to the jury as to each account was that which was specified by this Court in that opinion. The jury found the two accounts to be trust accounts, and the court rendered its judgment accordingly. We have examined each of the thirty-two points of error brought by the appellants, and we find them without merit.

The judgment of the trial court is affirmed.

---

ny bearing on the intention of the parties (Annie Isbell and First Federal Savings & Loan Association) in setting up the accounts. The court submitted the following special issues to the jury:

SPECIAL ISSUE NO. 1
Do you find from a preponderance of the evidence that the account with First Federal Savings & Loan Association, numbered 4315-03, titled Annie Isbell TR/for Brenda Schell Williams and Mark Schell, is a trust account? Answer "We do" or "We do not"
....

SPECIAL ISSUE NO. 2
Do you find from a preponderance of the evidence that the account with First Federal Savings & Loan Association, numbered 3799-03, titled Annie Isbell TR/for Brenda Schell Williams and Mark Schell, is a trust account? Answer "We do" or "We do not"