Brian C. CWEREN, Michele Cweren, Felicia F. Cweren, Gerson Cweren (Trustee for Michele Cweren, Felicia Cweren and Brian Cweren), Joseph C. Cweren a/k/a Joe Cweren, and Gerson Cweren, Appellants,

v.

I. Michael DANZIGER, Administrator with Will Annexed of the Estate of Jennie Reiches, Deceased, and Ellis Rudy, Appellees.

No. 01–94–01094–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1995.

Rehearing Overruled Sept. 21, 1995.

Logene L. Foster, Sugar–Land, for appellants.

James C. Mulder, Julia A. Cook, Houston, for appellees.

Before MIRABAL, HUTSON–DUNN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

The issue in this summary judgment appeal is whether the trial court correctly ruled that the representative of the decedent's estate proved, as a matter of law, that certain bank accounts are owned by the estate rather than by the joint account survivors. We reverse and remand.

Jennie Hochstein Reiches died on August 8, 1987. At her death, she left money in several bank accounts that are the subject of this appeal. I. Michael Danziger, the administrator of the estate, filed a declaratory judgment action to determine ownership to these various accounts.[1] On July 8, 1994, the trial court partially granted Danziger's motion for summary judgment, declaring that the following accounts, among others,[2] belonged to Danziger as administrator of Reiches' estate:

First City National Bank of Richmond:

(a) Certificate of Deposit No. 8443, styled "Mrs. Lee Reiches or Joseph Cweren";

(b) Checking Account No. 20–0023–7 styled "Mrs. Lee Reiches or Gerson Cweren";

(c) Certificate of Deposit No. 8483, styled "Mrs. Lee Reiches or Joe Cweren";

(d) Certificate of Deposit No. 8487, styled "Mrs. Lee Reiches or Gerson Cweren, Trustee for Felicia, Michelle or Brian Cweren";

(e) Certificate of Deposit No. 9169, styled "Mrs. Lee Reiches or Gerson Cweren, Trustee for Brian Cweren";

(f) Certificate of Deposit No. 9168, styled "Mrs. Lee Reiches or Michelle Cweren";

(g) Certificate of Deposit No. 9009, styled "Mrs. Lee Reiches WROS Joe Cweren";

(h) Certificate of Deposit No. 8441, styled "Mrs. Lee Reiches or Gerson Cweren, Trustee for Michelle, Felicia, and Brian Cweren";

(i) Certificate of Deposit No. 9413, styled "Mrs. Lee Reiches or Gerson Cweren";

(j) Time Deposit Investment Agreement No. 027592, styled "Mrs. Lee Reiches or Joe Cweren";

(k) Time Deposit Investment Agreement No. 027657, styled "Mrs. Lee Reiches or Gerson Cweren or Joe Cweren";

(l) Time Deposit Investment Agreement No. 026241, styled "Mrs. Lee Reiches or Gerson Cweren for benefit of Gerson Cweren";

(m) Time Deposit Investment Agreement No. 027658, styled "Mrs. Lee Reiches or Gerson Cweren, Trustee for Children, Felicia, Michelle and Brian Cweren";

(n) Time Deposit Investment Agreement No. 027599, styled "Mrs. Lee Reiches or Charles Cweren";

(o) Time Deposit Investment Agreement No. 027598, styled "Mrs. Lee Reiches or Rachelle,[3] Felicia and Brian Cweren";

(p) Certificate of Deposit No. 9167, styled "Mrs. Lee Reiches or Felicia Cweren";

---

1. Appellee Ellis Rudy is an intervenor in the suit and supported the administrator's motion for summary judgment.

2. Although the summary judgment declared ownership of approximately 44 accounts, only 20 accounts are the subject of this appeal.

3. Rachelle Cweren is not a party to this appeal.

(q) Time Deposit Investment Agreement No. 027656, styled "Mrs. Lee Reiches or Brian Cweren or Joe Cweren."

Texas Capital Bank Fort Bend:

(a) Certificate of Deposit No. 4922, styled "Mrs. Lee Reiches or Brian P. Cweren or Felicia F. Cweren or Michelle Cweren";

(b) Certificate of Deposit No. 4823, styled "Mrs. Lee Reiches or Brian P. Cweren or Felicia F. Cweren or Michelle Cweren."

Gibraltar Savings of Houston:

(a) Account No. 475383468, styled "Mrs. Lee Reiches, Trustee for Michelle Cweren and Felicia Cweren and Brian Cweren."

In point of error seven, appellants [4] assert the trial court erred in granting summary judgment because Danziger failed to establish as a matter of law that appellants were not entitled to the accounts.

■ The standard for appellate review of a summary judgment is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Once a movant produces sufficient evidence to establish the right to a summary judgment, the respondent must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

■ A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ Danziger moved for summary judgment on the grounds that there were no written agreements *among the records at the involved banks* that caused the described accounts to be either "right of survivorship" accounts or "trust accounts." Therefore, the bank argued that in the absence of legally required written agreements, the accounts belonged solely to the depositor, Mrs. Reiches,[5] even though the account names may indicate differently.

Danziger argued in his motion that the language used to create Reiches' bank accounts was insufficient as a matter of law to create a "right of survivorship," relying on *Stauffer v. Henderson*, 801 S.W.2d 858, 865 (Tex.1990), and TEX.PROB.CODE ANN. § 439 (Vernon Supp.1995). Section 439 provides in part:

§ 439. **Right of Survivorship**

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. Notwithstanding any other law, an agreement is sufficient to confer an absolute right of survivorship on parties to

---

**4.** Appellants are Brian C. Cweren, Michele Cweren, Felicia F. Cweren, Gerson Cweren (Trustee For Michele Cweren, Felicia Cweren And Brian Cweren), Joseph C. Cweren a/k/a/ Joe Cweren, and Gerson Cweren.

**5.** The parties do not dispute that all funds deposited into the accounts originated from Mrs. Reiches' assets.

a joint account under this subsection if the agreement states in substantially the following form: "On the death of one party to a joint account, all sums in the account on the date of the death vest in and belong to the surviving party as his or her separate property and estate." A survivorship agreement will not be inferred from the mere fact that the account is a joint account.

. . . .

(c) If the account is a trust account and there is a written agreement signed by the trustee or trustees, on death of the trustee or the survivor of two or more trustees, any sums remaining on deposit belong to the person or persons named as beneficiaries, if surviving, or to the survivor of them if one or more beneficiaries die before the trustee dies.

TEX.PROB.CODE ANN. § 439(a), (c) (Vernon Supp.1995). In *Stauffer*, the Texas Supreme Court held that in the absence of the requisite written agreement, no "right of survivorship" is created. 801 S.W.2d at 865.

Danziger also relied on *Otto v. Klement* and section 436(14) of the probate code for the proposition that both the "form" of a bank account *and* its deposit agreement must evince an intent to create a "trust account" before one will be presumed by a court to exist. *Otto v. Klement*, 656 S.W.2d 678, 682 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); TEX.PROB.CODE ANN. § 436(14) (Vernon 1980). Section 436(14) defines a "trust account" as:

an account in the name of one or more parties as trustee for one or more beneficiaries where the relationship is established by the form of the account and the deposit agreement with the financial institution *and there is no subject of the trust other than the sums on deposit in the account.* It is not essential that payment to the beneficiary be mentioned in the deposit agreement. *A "trust account" does not include a regular trust account which has significance apart from the account,* or a fiduciary account arising from a fiduciary relation such as attorney-client.

(emphasis added) TEX.PROB.CODE ANN. art. 436(14) (Vernon 1980). This section specifically excludes a "regular trust account which has significance apart from the account." The summary judgment record does not establish whether the accounts involved here are such excluded types of accounts. For example, if there is an irrevocable trust agreement governing the accounts, the accounts belong beneficially to the named beneficiaries. TEX.PROB.CODE ANN. §§ 438(c), 439(c) (Vernon 1980 & Supp.1995); *see Stegall v. Oadra*, 868 S.W.2d 290, 292 (Tex. 1993). This is true even though the trust agreement is not on deposit at the bank.

■ There is no requirement in section 436(14) or sections 439(a) or (c) that the written agreement, establishing a "regular trust account" or another type of account with right of survivorship, be *on file with the financial institution where the funds are deposited.* The only basis for the summary judgment was that *the banks* did not have the requisite written agreement *in their files.* However, *any agreements* signed by the depositor may be considered, not just contracts with the bank. *Stauffer,* 801 S.W.2d at 865, n. 6. The absence of the requisite agreements in the banks' files does not negate the possibility Mrs. Reiches' attorney or other trusted person may have custody of the necessary written agreements, or they may be among Mrs. Reiches' other important papers, wherever they are kept. There is no evidence that inquiry was made of anyone *but the banks* to locate the documents. Danziger, as administrator of Mrs. Reiches' estate, did not even file an affidavit stating that he had looked diligently for any relevant agreements and had been unable to find them, leading him to the conclusion no such agreements exist. Danziger filed nothing but records indicating *the banks* did not have any relevant agreements.

The burden of proof was on Danziger as the movant for summary judgment. The burden did not shift to the non-movants unless, and until, Danziger produced sufficient evidence to establish his right to summary judgment. *"Moore" Burger, Inc.* 492 S.W.2d at 936–37. We hold that Danziger's summary judgment evidence was insufficient to

establish his entitlement to judgment as a matter of law.

Accordingly, we sustain point of error seven.

In light of our ruling on point of error seven, it is unnecessary to rule on the remaining points of error, and we decline to do so.

We reverse the summary judgment and remand the case to the trial court.