Larry STOGNER, Independent Executor of the Estate of N.E. Stogner, Deceased, Appellant,

v.

Bettie RICHESON, Appellee.

No. 2–00–357–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 2, 2001.

Rehearing Overruled Sept. 6, 2001.

Bakutis, McCully, & Sawyer and David C. Bakutis, Fort Worth, Attorney for Appellant.

Hamby & Hamby and Lanny Hamby, Big Spring, Attorney for Appellee.

PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DAY, Justice.

### I. INTRODUCTION

In this appeal, Appellant Larry Stogner, as independent executor of the estate of N.E. Stogner, challenges the jury's verdict that a contested certificate of deposit was a non-probate asset. In nine issues, Stogner argues that the evidence was legally and factually insufficient to support the trial court's judgment. Because we find that the evidence was sufficient, we affirm.

### II. BACKGROUND

N.E. Stogner established a certificate of deposit (CD) at First National Bank in Granbury, Texas, titled "IN TRUST FOR BETTIE RICHESON," his sister. However, N.E. did not name a beneficiary in the box provided on the form, nor did he check or initial the printed language on the form that would have specifically created a trust account pursuant to section 436(14) of the probate code. Instead, N.E. checked the box marked "OTHER" and typed in the word "TRUST."

N.E. died leaving a will, which appointed Stogner as the independent executor of his estate. Stogner claims the CD is a probate asset. Appellee Bettie Richeson claims the CD was a trust account under section 436(14) and, therefore, a non-probate asset.

Stogner and Richeson both filed motions for summary judgment. The trial court denied both motions and found the account card ambiguous as to the type of account N.E. established. A jury found that the CD was a trust account. Stogner filed a motion to disregard the jury findings, a motion for judgment notwithstanding the verdict, and a motion for new trial, all of which the trial court denied. This appeal ensued.

The main issue in this appeal is whether this CD satisfied the requirements of a trust account under section 436(14). If the CD constitutes a trust account then the funds in the CD are not part of N.E.'s estate because they pass to Richeson as a non-testamentary transfer. TEX. PROB. CODE ANN. §§ 439(c), 441 (Vernon 1980 & Supp.2001).

## III. SUFFICIENCY OF THE EVIDENCE

■ In nine issues, Stogner contends that the jury's verdict was supported by legally insufficient evidence and was against the great weight and preponderance of the evidence.[1] If an appellant is attacking the legal sufficiency of an adverse answer to an issue on which he had the burden of proof, the appellant must overcome two hurdles. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 940

(Tex.1991). First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.; Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989).

■ In reviewing an issue asserting that an answer is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence that tends to prove the existence of a vital fact as well as evidence that tends to disprove its existence. *Ames v. Ames*, 776 S.W.2d 154, 158–59 (Tex.1989), *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). So considering the evidence, we may sustain an issue only if a finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ Chapter XI of the Texas Probate Code provides for nontestamentary transfers of specific multiple-party accounts. There are three types of accounts included under this chapter: joint accounts, P.O.D.

---

1. Stogner alleges in his seventh issue that there was insufficient evidence to support the jury's verdict. This is a challenge to the factual sufficiency of the evidence, which should be raised by the party without the burden of proof. *Gooch v. Am. Sling Co.*, 902 S.W.2d 181, 184 (Tex.App.—Fort Worth 1995, no writ). Because Stogner had the burden of proof in this case, we will address his "against the great weight and preponderance" claim, which is the appropriate complaint to be raised about the factual sufficiency of the evidence by the party with the burden of proof. *Id.* Stogner also argues in his eighth issue that the evidence presented

at trial established the opposite of the verdict. This is one of the situations in which a court may determine that there is no evidence to support the jury's finding, which renders the evidence legally insufficient. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998)(citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L.REV. 361, 362–63 (1960)), cert. denied, 526 U.S. 1040, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). Because Stogner had the burden of proof in this case, we will address this as a "matter of law" issue. *Gooch*, 902 S.W.2d at 183–84.

accounts,[2] and trust accounts. TEX. PROB. CODE ANN. § 436(5) (Vernon 1980). In this appeal, we are asked to determine which type of account was created by N.E. and Richeson. Richeson argues that the account is a valid section 436(14) trust account, while Stogner contends that it is not.

The definition of a section 436(14) trust account requires that: (1) the account be in the name of one or more parties as trustee for one or more beneficiaries; (2) the trust be established by the form of the account and the deposit agreement with the financial institution; (3) there be no subject of the trust other than the sums on deposit on account; and (4) the account not be a regular trust account under a testamentary trust or a trust agreement that has significance apart from the account. *Id.* § 436(14); *see also Cweren v. Danziger,* 923 S.W.2d 641, 644 (Tex.App.— Houston [1st Dist.] 1995, no writ); *Isbell v. Williams,* 705 S.W.2d 252, 255 (Tex.App.— Texarkana 1986, writ ref'd n.r.e.); *Otto v. Klement,* 656 S.W.2d 678, 682 (Tex.App.— Amarillo 1983, writ ref'd n.r.e.).

There is no argument concerning the first or third elements. Neither party disputes that the account is in the name of N.E. as trustee for Richeson as beneficiary or that the only subject of the trust is the CD in the account. The only two elements Stogner contests are the formation of the trustee/beneficiary relationship by the deposit agreement and the significance of the "OTHER: TRUST" account designation apart from the account.

N.E. did not check the printed box on the agreement specifically providing that the account was a trust account. Nor did N.E. specifically designate Richeson as the beneficiary in the box provided on the form. Instead, N.E. checked the "OTHER" box and typed in "TRUST." Therefore, Stogner argues that by "ignor[ing] this plain and unambiguous language," and by failing to type in Richeson's name in the place provided on the deposit agreement for naming beneficiaries, N.E. did not intend to establish a trust account. Specifically, Stogner argues that "[e]ven though the account card indicates that some kind of trust may have been contemplated by [N.E.], the account card contains no language to show exactly what type of trust account was intended."

In overruling Stogner's motion for partial summary judgment, the trial court determined that an ambiguity existed in the language of the deposit agreement. Neither party argues on appeal that the language was unambiguous. Therefore, a question of fact exists as to the interpretation of the agreement's true meaning.

■ The jury has the responsibility to determine the fact issue of whether the form of the account and deposit agreement was sufficient to support the statutory definition of a trust account. *See Isbell,* 705 S.W.2d at 257. In an attempt to prove N.E.'s intent was not to create a trust account when he established the CD as an "OTHER: TRUST," Stogner presented parol evidence in the form of his testimony and the testimony of Jerry Campbell, the vice president of operations at First National Bank of Granbury. After hearing this extrinsic evidence, the jury was asked to determine whether the account was a trust account as defined in the court's charge, which provided a simplified version of the statutory definition in section 436. The jury specifically found that the account in question was a trust account. We

---

**2.** P.O.D. stands for "Payable on Death." *Stauffer v. Henderson,* 801 S.W.2d 858, 863 (Tex.1990).

must determine whether there was sufficient evidence to support their verdict.

■ Neither the definition of "trust account" nor the other nontestamentary statutes expressly provide any specific mechanism to establish the trust relationship through the form of the account and the deposit agreement. Here, the face of the deposit agreement was entitled: "N E STOGNER IN TRUST FOR BETTIE RICHESON." N.E. also provided in the deposit agreement's account ownership section that the account was established as a "TRUST." Campbell testified that, at the time N.E. established his CD, the bank used the "OTHER" category on the depository agreement to allow customers to be insured by FDIC insurance. However, on cross-examination, Campbell conceded that it was possible that typing "TRUST" in the "OTHER" category could be used to form true trusts aside from the FDIC insurance. Campbell also testified that there was nothing magical about the bank's deposit agreement form in setting up trust accounts and there were a lot of forms a customer could use to set up a trust account.

Stogner relies on Campbell's testimony that the bank's policy in 1997, when N.E. set up the CD, was to use the "OTHER" box in order to allow customers to be insured by FDIC insurance as proof that the CD had significance apart from the account itself. Therefore, Stogner argues that the deposit agreement failed to satisfy the last requirement of the statutory definition of a trust account.

The Texarkana court was faced with a similar question in *Isbell*. *Isbell v. Williams*, 738 S.W.2d 20, 24 (Tex.App.— Texarkana 1987, writ ref'd n.r.e.). In *Isbell*, the court held that the trial court had not erred in refusing to instruct the jury

as to whether the trustee had established the trust account to bring the account within the coverage of the Federal Savings & Loan Insurance. *Id.* at 24–25. The *Isbell* court concluded that the question concerning the insurance was not relevant or probative to determine the *nature* of the account established. *Id.* at 24. That is precisely the same argument Stogner makes in this case; he contends that because N.E. may have established the "OTHER: TRUST" account as such in order to gain FDIC insurance, the nature of the account cannot be a trust account. However, as the *Isbell* court explained: "Regardless of … Isbell's motivation for setting up the accounts, in the absence of fraud, coercion or undue influence, the nature of the accounts would be determined by what … Isbell objectively accomplished rather than by examining her purpose." *Id.* at 24.

Even accepting this evidence as probative in determining whether this account was a trust account, Campbell's testimony does not support Stogner's argument. Campbell testified that, at the time N.E. established the CD, siblings were not included for FDIC insurance purposes. In fact, the FDIC insurance program was not enlarged to include siblings until 1999. Therefore, Richeson, as N.E.'s sister, was not covered under the FDIC insurance program when N.E. established the CD in 1997.

After a careful analysis of the evidence, we conclude that the jury's determination that the deposit agreement at issue in this case satisfied the statutory requirements for a trust account pursuant to section 436(14) was not erroneous as a matter of law or against the great weight and preponderance of the evidence. We overrule Stogner's points.

## IV. CONCLUSION

Having overruled Stogner's points on appeal, we affirm the trial court's judgment.